# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| Michael Wells, ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 1:18-cv-01967-JMC |
| ) | |
| v. ) | |
| ) | |
| Aiken County Detention Center; Southern ) | **ORDER** |
| Health Partners; Dr. Williams; ) | |
| S. Hammock; B. Dehayes; Mrs. Cummins; ) | |
| Mrs. Victoria; Ron Skipper; ) | |
| Curtis Thompson, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court for review of the Magistrate Judge's Reports and Recommendations ("Reports") filed on December 17 and 27, 2018 (ECF Nos. 56, 60). The court **ACCEPTS** the Magistrate Judge's Reports and incorporates them herein by reference. For the reasons set out in the Reports, the court **GRANTS** Defendant Dehayes' Motion to Dismiss for Insufficient Process, Insufficient Service of Process and Failure to State a Claim (ECF No. 26); **DISMISSES** this case (ECF No. 1) in accordance with Rule 41(b) of the Federal Rules of Civil Procedure; and **DENIES** as moot Defendants' Motions for Summary Judgment (ECF Nos. 48, 52, 63).

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Reports set forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (ECF Nos. 56 at 1–4, 60 at 1–3.) As brief background, on July 18, 2018, Plaintiff filed this 42 U.S.C. § 1983 action against Defendants Aiken County Detention Center, Southern Health Partners, Dr. Williams, S. Hammock, B. Dehayes, Mrs. Cummins, Mrs. Victoria, Ron Skipper, and Curtis Thompson (collectively "Defendants"), alleging violations of

1

his rights under the Eighth and Fourteenth Amendments of the United States Constitution. (ECF No. 1 at 5–7.) Plaintiff contends Defendants were deliberately indifferent to serious injuries he sustained after being electrocuted by a "warmer" in the kitchen at the Aiken County Detention Center. (*Id.* at 9–10.)

On September 5, 2018, Defendants Aiken County Detention Center, Ron Skipper, Curtis Thompson, Mrs. Cummins, and Mrs. Victoria filed Answers to Plaintiff's Complaint. (ECF Nos. 23, 24, 25.) Defendant Dehayes filed a Motion to Dismiss for Insufficient Process, Insufficient Service of Process and Failure to State a Claim ("Motion to Dismiss"). (ECF No. 26.) Also on September 5, 2018, the Magistrate Judge issued a *Roseboro* Order, advising Plaintiff of the motion to dismiss procedure and the consequences if he failed to respond to Defendant Dehayes' Motion to Dismiss.[1] (ECF No. 29.) On October 12, 2018, Plaintiff filed a Response to Defendant Dehayes' Motion to Dismiss. (ECF No. 35.) On December 14, 2018, Defendants Aiken County Detention Center, Southern Health Partners, Dr. Williams, S. Hammock, Ron Skipper, and Curtis Thompson filed Motions for Summary Judgment. (ECF Nos. 48, 52.) On December 14 and 17, the Magistrate Judge issued two more *Roseboro* Orders, advising Plaintiff of the summary judgment motion procedure and the consequences if he failed to respond. (ECF Nos. 50, 53.)

On December 17, 2018, the Magistrate Judge entered her first Report, addressing Defendant Dehayes' Motion to Dismiss. (ECF No. 56.) The Magistrate Judge recommends granting Defendant Dehayes' Motion, finding "Plaintiff has failed to (1) properly serve [Defendant] Dehayes via an accurate address, (2) make any allegations of wrongdoing by [Defendant] Dehayes, [and] (3) provide any allegations or evidence that [Defendant] Dehayes was

---

[1] *See Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (requiring that "the [pro se] plaintiff be advised of his right to file counter-affidavits or other responsive material").

2

employed with [Defendant Southern Health Partners] at the time of the incident." (*Id.* at 4.) On December 27, 2018, the Magistrate Judge entered her second Report, recommending dismissal of this case. (ECF No. 60.) First, the Magistrate Judge pointed out that "[t]he *Roseboro* Order[s] dated December [14 and] 17, 2018, w[ere] returned as undeliverable to the Clerk of Court's office via the United States Postal Service on December 26, 2018, with [] notation[s] on the envelope[s] that state[]: 'Return to Sender, Not Deliverable as Addressed, Unable to Forward'." (*Id.* at 1–2 (citing ECF Nos. 58-1 at 1, 59-1 at 1).) The Magistrate Judge also noted that based on a search of the Aiken County Detention Center records, Plaintiff is not a current detainee. (*Id.* at 2.) According to the Magistrate Judge, "Plaintiff was previously ordered to keep the court apprised of any change in his address." (*Id.*) The Magistrate Judge found "Plaintiff has not notified the court of any change of address. Plaintiff has failed to comply with the court's order, and as a result, neither the court nor Defendants have any means of contacting him concerning his case." (*Id.* at 2–3.) Thus, unless "Plaintiff notifies the court within the time set for filing objections to this Report . . . that he wishes to continue with this case and provides a current address," the Magistrate Judge recommends dismissing Plaintiff's case in accordance with Federal Rule of Civil Procedure 41(b).[2] (*Id.* at 3.)

On January 2, 2019, Defendants Cummins and Victoria filed a Motion for Summary Judgment. (ECF No. 63.) On January 3, 2019, the Magistrate Judge issued another *Roseboro*

---

[2] Under Rule 41(b) of the Federal Rules of Civil Procedure,

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

3

Order, advising Plaintiff of the summary judgment motion procedure and the consequences if he failed to respond. (ECF No. 65.)

On January 7 and 22, 2019, the court's second Report and January 3, 2019 *Roseboro* Order, respectively, were returned to the Clerk of Court's Office as undeliverable. (ECF Nos. 67, 69.) As of February 19, 2019, Plaintiff has not filed any objections to the Magistrate Judge's second Report, provided the court with a current address, or notified the court that he wishes to continue with this case.

## II. STANDARD OF REVIEW

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District Court of South Carolina. The Magistrate Judge only makes a recommendation to this court; the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This court engages in a de novo review of those portions of the Report and Recommendation to which the parties have made specific objections. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). The court may accept, reject or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

## III. DISCUSSION

On December 17 and 27, 2018, as part of the Reports, the Magistrate Judge notified the parties of their right to file objections by December 31, 2018, for the first Report, and January 10, 2019, for the second Report. (ECF Nos. 56 at 6, 60 at 4.) Neither of the parties filed any objections to the Reports by these dates. In the absence of objections to the Magistrate Judge's Reports, this court is not required to provide an explanation for adopting the recommendations without modification. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Absent objections, the

court must only ensure that there is no clear error on the face of the record in order to accept the recommendations. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). If a party fails to file specific, written objections to the Report, the party forfeits the right to appeal the District Court's decision concerning the Report. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Accordingly, since none of the parties filed any objections to the Reports, and the court observes no clear error on the face of the record, the court accepts the Magistrate Judge's Reports. *See Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 199.

## IV. CONCLUSION

After a thorough and careful review of the record, the court finds the Magistrate Judge's Reports and Recommendations provide an accurate summary of the facts and law in this case. The court **ACCEPTS** the Magistrate Judge's Reports and Recommendations (ECF Nos. 56, 60) and incorporates them herein by reference. For the reasons set out in the Reports, the court (1) **GRANTS** Defendant Dehayes' Motion to Dismiss for Insufficient Process, Insufficient Service of Process and Failure to State a Claim (ECF No. 26); (2) **DISMISSES** this case (ECF No. 1) pursuant to Federal Rule of Civil Procedure 41(b); and (3) **DENIES** as moot Defendants' Motions for Summary Judgment (ECF Nos. 48, 52, 63).

**IT IS SO ORDERED.**

J. Michelle Childs
United States District Judge

February 21, 2019
Columbia, South Carolina

5